THE MAYOR AND ALDERMEN OF JERSEY CITY AND MARK M. FAGAN v. THE STATE BOARD OF ASSESSORS AND LEHIGH VALLEY RAILROAD COMPANY.

Submitted December 7, 1905—Decided February 26, 1906.

1. Whether a certain line of track is the "main stem" of a railroad under the act of 1888 (*Gen. Stat., p.* 3324) depends upon the actual use made of it at the time of assessment by the company operating the road and not upon its history.

2. As between two lines of track used for freight traffic, the longer line, in the absence of other distinguishing characteristics, is the "main stem."

On *certiorari.*

Before Justices Dixon, Garrison and Swayze.

For the prosecutors, *George L. Record* and *Robert Carey.*

For the defendants, *Collins & Corbin.*

The opinion of the court was delivered by

Swayze, J. The general principles which govern this case have been stated in the opinion in Jersey City *v.* United New Jersey Railroad and Canal Company and others. It is necessary only to apply those principles to the facts of this case.

The land under water was granted originally by the state to the Morris Canal and Banking Company by act of March 14th, 1867 (*Pamph. L., p.* 251), and leased in perpetuity to the Lehigh Valley Railroad Company, in pursuance of legislative authority, May 4th, 1871. On July 12th, 1889, the riparian commission, by virtue of the power conferred by section 4 of the act of March 31st, 1869, granted the tract described in the act of 1867 to the Lehigh Valley Railroad Company, with the right and privilege of excluding the tide-water by filling in or otherwise improving the land, and to appropriate the same to exclusive private use. The grant was subject to certain rights of navigation in the public as imposed by the act of 1867.

The railroad company has built docks and wharves and used them for the purpose of carrying on its railroad business.

We think the railroad company owns this land, subject to the rights of navigation mentioned in the grant. The land is taxable to the company. Its value was included by the state board of assessors in the value of the land back of the exterior line for solid filling, and the error is one of description only, but should be corrected for the reason given in the case of the United New Jersey Railroad and Canal Company.

Three lines of track were assessed as main stem, which the

city claimed should have been assessed as other real estate. This claim, as to line (a), was abandoned at the argument.

Line (b) was originally a portion of the main stem of the National Docks Railway Company, and line (c) a portion of the main stem of the Jersey City and Western Railroad Company. The Jersey City and Western, the National Docks railway and the Bergen Neck railway were consolidated in 1891. As a result the National Docks Railway Company has a continuous route from the Pennsylvania railroad to Constable's Hook, and the whole of this route is assessed as main stem. The lines in question are used exclusively for the transportation of freight to and from the docks of the National Storage Company. All the stock of the National Storage Company and of the National Docks Railway Company is owned by the Lehigh Valley Railroad Company, and that company operates the National Docks railway. The National Storage Company and the National Docks Railway Company are not parties to this suit, but counsel representing them consented that the endorsement of the writ should be amended so as to include them and thus dispose of the entire controversy.

In determining which lines are in fact "main stem," we are not assisted in the present case by the use of some for passenger traffic. Nor do we attribute much importance to the fact that these lines were originally part of the main stem of the two railroads already mentioned. Whether a certain line of track is main stem or not depends upon the actual use made of it at the time of assessment by the company operating the road, and not upon its history. What is main stem at one time may cease to be such with a change of circumstances. It is possible to regard either line (b) or line (c), both of which lead to a terminal, as the main stem of the railroad, and to regard the line leading from the point of intersection to Constable's Hook as a branch line. The lines are apparently used for the same purpose of transporting freight to tidewater. The difference between them seems to be in their length rather than in their importance for the transportation of freight. Lines (b) and (c) are less than

half a mile each in length. The extension to Constable's Hook is several miles in length. We think that, in the absence of other distinguishing characteristics, the longer line is fairly to be regarded as main stem and the lines in question as sidings. We find, therefore, as a fact that lines (b) and (c) are not main stem, so far as they lie outside of the hundred feet allowed by statute for main stem, and to that extent they are assessable as other real estate.

They were erroneously assessed as main stem, and the assessments should be referred back to the board of assessors for correction and re-assessment in accordance with the views herein expressed.